Velis, J.
This action arises from an alleged sexual assault on the plaintiff, Stacy Rodriguez (Rodriguez), while she was a guest at a party hosted by the defendants, Robert H. Leavy and Gayle S. Leavy (the Leavys) on January 19, 2001. On November 12, 2003, Rodriguez, Dorinne A. Rodriguez, and Arcadio Rodriguez, Jr. (the plaintiffs) filed a complaint against the Leavys alleging four counts of negligence (Counts I-IV) and asserting a claim for loss of society and companionship (Count V). On March 12, 2004, the plaintiff served discovery on the Westfield Police Department (Westfield) seeking information relative to their claims of negligence against the Leavys. On March 22, 2004, Westfield objected, citing G.L.c. 4, §7 cl. 26(c) and (f). The plaintiffs now move this court to compel Westfield to produce the requested records. For the following reasons, the motion is denied.

DISCUSSION

Westfield, in its objection to produce the requested records, asserts that such production is barred by the rape shield law. Further, Westfield argues that, pursuant to G.L.c. 4, §7 cl. 26(c) and (f), such production may constitute an unwarranted invasion of personal privacy and may so prejudice the possibility of effective law enforcement that such disclosure is not in the public interest. Westfield has produced an index of the requested records that indicates their content in broad terms.
General Laws c. 66, §10, requires that public information be exhibited for inspection upon request. However, G.L.c. 4, §7 cl. 26(f), prorides an exception for “investigatory materials necessarily compiled out of the public view by law enforcement.. . the disclosure of which materials would probably so prejudice the possibility of effective law enforcement that such disclosure would not be in the public interest. . .” Here, the disputed materials consist of voluntary statements to police and police reports prepared in connection with an investigation, including witness identities and statements. Such materials are within the exemption. See Bougas v. Chief of Police of Lexington. 371 Mass. 59, 62-63 (1977). The plaintiffs argue that the investigatory exemption does not apply to closed investigations. This argument, however, is without legal support. See id., at 63 (holding that “the fact that the investigation to which these materials related had been concluded [does not] destroy the exemption”). Therefore, this court rules that the investigatory exemption applies.
*7 ORDER
For the foregoing reasons, it is hereby ORDERED that the plaintiffs motion to compel production of records is DENIED.